IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 5, 2018 Session

## STATE OF TENNESSEE v. MARCELLUS HURT

**Appeal from the Criminal Court for Shelby County**
No. 15-04826    Lee V. Coffee, Judge

### No. W2017-02179-CCA-R3-CD

**ROBERT H. MONTGOMERY, JR., J., dissenting in part; concurring in part.**

Respectfully, I disagree with the majority opinion's conclusions that the victim's testimony regarding the cost of the repairs to his car was inadmissible hearsay and that admission of this evidence necessitates a new trial for the vandalism conviction.

The record reflects that the victim testified the damage to his car was repaired and that the prosecutor asked the victim, "And do you know what it [cost] to have that repaired?" Trial counsel objected on the basis that the question elicited inadmissible hearsay evidence. The trial court overruled the objection and permitted the victim to testify that the repairs cost $8,700 and that the victim paid a $500 deductible.

The majority opinion concludes that this testimony was "based upon" inadmissible hearsay and was, therefore, inadmissible. I disagree. Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). "A declarant is a 'person who makes a statement,'" and "hearsay occurs when a declarant makes an out-of-court statement to a witness who repeats it in court." Neil P. Cohen et al., *Tennessee Law of Evidence* § 8.01[4][c], [e] (6th ed. 2011). The victim, based upon his personal knowledge and experience of having the car repaired, testified regarding the cost to repair the damage. Likewise, the testimony does not involve an out-of-court statement. The testimony is not hearsay. The victim was asked if he knew the repair cost, and his response was within the victim's "personal knowledge of the matter." Tenn. R. Evid. 602. As a result, I conclude that the trial court did not err by allowing the victim to testify about his personal knowledge of the repair cost. I would affirm the Defendant's vandalism conviction.

I join the majority opinion in all other respects.

ROBERT H. MONTGOMERY, JR., JUDGE